**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
*doug@djcampion.com*
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MAIER, on behalf of herself, all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation,<br><br>        Defendants. | Case No.: 13-cv-00163-IEG-DHB<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Judge:    Irma E. Gonzalez<br>Date:     May 13, 2013<br>Time:    10:30 a.m.<br>Ctrm:    4D |

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................1

II.   RELEVANT FACTS ALLEGED IN COMPLAINT.......................................2

III.  STANDARD OF REVIEW .......................................................3

IV.   THE TCPA.......................................................................5

V.    ARGUMENT .......................................................................5

   A.  Plaintiff Has Stated Claims under the TCPA Sufficient to Satisfy *Iqbal* and
       *Twombly* .......................................................................5

   B.  Authority on the Detail Required in Pleading the Use of an Automatic
       Telephone Dialing System Confirms Plaintiff has Sufficiently Alleged its
       Use Here.......................................................................11

VI.   CONCLUSION.......................................................................17

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*,
   499 F.3d 633 (7th Cir. 2007)................................................................6
*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010).................................................................17
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................4
*Bates v. I.C. System, Inc.*,
   No. 09-CV-103A, 2009 WL 3459740 (W.D. N.Y. Oct. 19, 2009) .................10
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................ 3, 4, 6, 7, 13
*Buslepp v. Improv Miami, Inc.*,
   No. 12-601710-CIV, 2012 WL 4932692 (S.D. Fla. Oct. 16, 2012) ...............16
*Conley v. Gibson*,
   355 U.S. 41 (1957) ...........................................................................3
*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987)...............................................................5
*Duran v. Wells Fargo Bank, N.A.*,
   878 F. Supp. 2d 1312 (S.D. Fla. 2012) .................................................15
*Erickson v. Pardus*,
   551 U.S. 89 (2007) ...........................................................................7
*Gilligan v. Jamco Dev. Corp.*,
   108 F.3d 246 (9th Cir. 1997).................................................................4
*Greene v. DirecTV, Inc.*,
   No. 10 C 117, 2010 WL 1506730 (N.D. Cal. Apr. 14, 2010)........................10
*Hanley v. Green Tree Servicing, LLC*,
   No. 12 C 4158, 2013 WL 1189697 (N.D. Ill. Mar. 21, 2013) ........................15
*Hedges v. United States*,
   404 F.3d 740 (3d Cir. 2005).................................................................6
*Hurrey-Maver v. Wells Fargo Home Mortg., Inc.*,
   No. 09cv1470 DMS (NLS), 2009 WL 3647632 (S.D. Cal. Nov. 5, 2009) .......9
*Hutchens v. Alameda Cnty. Soc. Servs. Agency*,
   No. C-06-06870 SBA, 2008 WL 4193046 (N.D. Cal. Sept 10, 2008) ...........17
*In Re Jiffy Lube Int'l, Inc. Text Spam Litig.*,
   847 F. Supp. 2d 1253 (S.D. Cal. Mar. 8, 2012) ................................. 12, 13
*Johansen v. Vivant, Inc.*,
   No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) ........................14

*Johnson v. Riverside Healthcare Sys. LP*,
   534 F.3d 1116 (9th Cir. 2008)............................................................7
*Kazemi v. Payless Shoesource, Inc.*,
   No. C 09-5142 MHP, 2010 WL 963225 (N.D. Cal. Mar. 16, 2010)..............12
*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005)............................................................4
*Kramer v. Autobytel, Inc.*,
   759 F. Supp. 2d 1165 (N.D. Cal. 2010) ............................................ 10, 12, 16
*Lozano v. Twentieth Century Fox Film Corp.*,
   702 F. Supp. 2d 999 (N.D. Ill. 2010) ........................................ 11, 12
*Mills v. Bristol-Myers Squibb Co.*,
   No. CV 11-00968-PX-FJM, 2011 WL 4708850 (D. Ariz. Oct. 7, 2011)........17
*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)............................................................4
*Paulsen v. CNF, Inc.*,
   391 F. Supp. 2d 804 (N.D. Cal. 2005) ...............................................3
*Reyes v. Saxon Mortg. Servs., Inc.*,
   No. 09cv1366 DMS (WMC), 2009 WL 3738177 (S.D. Cal. Nov. 5, 2009).....9
*Robinson v. Midland Funding, LLC*,
   No. 10cv2661 MMA (AJB), 2011 WL 1434919 (S.D. Cal. Apr. 13, 2011) .......
   .................................................................................... 9, 10
*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946, 952 (9th Cir. 2009)............................................... 5, 11
*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998)..........................................................5
*Strickler v. Bijora, Inc.*,
   No. 11 CV 3468, 2012 WL 5386089 (N.D. Ill. Oct. 30, 2012) ......................17
*Torres v. Nat'l Enter. Sys., Inc.*,
   No. 12 C 2267, 2012 WL 3245520 (N.D. Ill. Aug. 7, 2012)......................17
*Weber v. Dep't of Veterans Affairs*,
   521 F.3d 1061 (9th Cir. 2008)..........................................................7

**Statutes**

47 U.S.C. § 227 ...............................................................................1

47 U.S.C. § 227 (a)(1)........................................................................11

47 U.S.C. § 227(b)(1).........................................................................5

47 U.S.C. § 227 (b)(1)(A)....................................................................12

iii

47 U.S.C. § 227(b)(1)(A)(iii) ........................................................11

**Rules**

Fed. R. Civ. P. 8(a)(2) ....................................................... 3, 5, 6, 7

Fed. R. Civ. P. 12(b)(6) ...........................................................3

**Other Authorities**

2003 FCC Order, 2003 WL 21517853 ................................................12

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

# I.   **INTRODUCTION**

This nationwide class action concerns the illegal actions of defendant J. C. Penney Corporation, Inc. and J. C. Penney Company, Inc. ("Defendants") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").   The Complaint alleges Defendants negligently and/or willfully contacted plaintiff Tracy Maier ("Plaintiff") through "Short Message Services" ("SMS") or "text" messages on Plaintiff's cellular telephone without Plaintiff's consent, thereby violating the TCPA and invading Plaintiff's privacy.   *See* Complaint, (Dkt. No. 1) (citations to the Complaint are designated "¶ _").

Defendants' motion is nothing more than a delay tactic and should be summarily denied.   Defendants' sole basis for their motion is that Plaintiff has failed to sufficiently allege the use of an automatic telephone dialing system ("ATDS") as required under 47 U.S.C. § 227(a)(1).   As examined below, the motion ignores the many allegations set forth in the Complaint, which clearly are sufficient to meet all pleading standards for the use of an ATDS.   ¶¶ 10-16, 35, 40. Moreover, despite overwhelming authority to the contrary, Defendants erroneously argue that more detailed allegations are required than are provided by Plaintiff. Simply put, Plaintiff's factual allegations provide Defendants with sufficient facts as required by law to put Defendants on notice of Plaintiff's TCPA claims, including the allegations of the use of an ATDS.

Defendants' sole argument in support of their motion that Plaintiff did not sufficiently allege the use of an ATDS, arguing that the Complaint only states "mere conclusory," "threadbare" and "barebones" allegations, "parroting" the words of the statute.   Defs.' Mem. at 2, 3, 5.   Defendants then argue that because Plaintiff failed to state "any facts to support these allegations" that an ATDS was used, the Complaint fails to meet the *Twombly* and *Iqbal* standards.   *Id.* at 3-5. However, this is not even a close call.   It is as if Defendants' motion is directed to

1

a different Complaint, in a different case, as the argument seems to recognize only paragraph 16 and ignores the many paragraphs of allegations – paragraphs 10 through 15 and paragraphs 35 and 40 - that support the allegation in paragraph 16 that an ATDS was used.  Even a cursory reading of the Complaint reveals that it alleges facts to support the allegation that an ATDS was used, and alleges facts that are far more detailed than required by case law.  Thus, Defendants' motion should be denied.

## II.   RELEVANT FACTS ALLEGED IN COMPLAINT

Like the majority of cases arising under the TCPA, the relevant facts alleged at the pleading stage of litigation in the Complaint are not particularly complex. This is a "texting" or SMS "short message" case, and not a case where Defendants actually dialed and spoke with the Class members.  SMS is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.  ¶ 10.  A text message is a call that is directed to a wireless device though the use of the telephone numbers assigned to the device.  ¶ 11.  Cell phone users must frequently pay their wireless service providers for each text message they receive, or for a cellular text messaging plan, whether or not they authorize the receipt of the text message.  ¶¶ 12, 17.  Defendants marketed their department store sales and events, here by transmitting advertisements via SMS or text messaging to consumers.  ¶¶ 13-15.

During 2012, Defendants sent mass transmissions of unauthorized SMS or text messages with the hope of advertising J. C. Penney department store sales and events to new and continued customers.  ¶ 13.  On June 16, 2012, Defendants sent an unsolicited text message to Plaintiff's cellular telephone from the SMS short code 527-365.  ¶ 15.  Specifically, Defendants' generic advertising message that Plaintiff received stated "jcp: Reply YES now to be first to know about our best

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

prices, special store events & new things happening at jcp. Dtls http://bit.ly/yALZuq Msg&DataRatesApply." ¶ 15. Having received Defendants' unsolicited text message, and having not consented to its receipt, Plaintiff brought suit under the TCPA, intending to stop Defendants' wrongful conduct and recover statutory damages. ¶¶ 13-22.

The Complaint alleges the text message received by Plaintiff was placed to Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS"). ¶¶ 16, 35, 40. The text messages were sent via ATDS that had the capacity to store or produce and dial numbers randomly or sequentially. ¶¶ 16, 35, 40. "By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were made en masse though the use of a short code and without the prior express consent of the Plaintiff and other members of the Class to receive such text messages." ¶¶ 35, 40. Plaintiff incurred a charge for the unsolicited incoming text message sent by Defendants. ¶ 17. Because Plaintiff never expressly authorized, consented, or requested to receive text message calls from Defendants, Plaintiff has brought this class action on behalf of herself, all other similarly situated and the general public who received text message calls from Defendants without consent. ¶¶ 23-27.

## III.   **STANDARD OF REVIEW**

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U. S. 41, 47 (1957)). A Rule 12(b)(6) motion only tests the sufficiency of the complaint and not any extrinsic evidence. *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005).

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Twombly*, 550 U.S. at 556).   Legal conclusions, as opposed to facts, need not be accepted as true. *Iqbal*, 556 U.S. at 679.   But where the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claims are facially plausible.   *Id.* at 678.   Claims are also facially plausible if the pleader alleges "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim.   *Twombly*, 550 U.S. at 556.

"When there are well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."   *Iqbal*, 556 U.S. at 679.   The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."   *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *see also Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them").   "*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegation are probably true.   We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be."   *Iqbal*, 556 U.S. at 696 (citing *Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all allegations in the complaint are true (even if doubtful in fact)"); *id.* at 556 ("[A] well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable")).

Motions to dismiss are "viewed with disfavor" and "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).   "Dismissal of

4

claims that fail to meet [the Rule 12(b)] standard should be with leave to amend." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.") Rule 15(a)(2) embodies a public policy of testing claims on the merits, and "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

## IV.   **THE TCPA**

The relevant portion of the TCPA provides as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice… (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1) (2006).

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Text messages are characterized as "calls" under the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

## V.   **ARGUMENT**

### A.   **Plaintiff Has Stated Claims under the TCPA Sufficient to Satisfy *Iqbal* and *Twombly***

Under the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that [she] is entitled to relief." Here, Defendants

5

argue that the Complaint's allegations fail to sufficiently plead that an ATDS was used.  However, Defendants' argument and resulting citation to case authority is based upon the false premise that Plaintiff did not actually allege the facts set forth in paragraphs 10 through 15 and in paragraphs 35 and 40.  But a comparison of the Complaint's allegations with controlling authority confirms the Complaint sufficiently alleges the use of an ATDS.

Defendants claim that *Twombly*, as further modified by *Iqbal*, has somehow radically altered Rule 8(a)(2) and created a fact-pleading standard that Plaintiff has failed to meet.[1]  *See* Defs' Mem. at 3-4.  As shown herein, this is simply not the case.  Additionally, "[t]he defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 740, 750 (3d Cir. 2005).  Here, Defendants have failed to meet its burden of proving that "Plaintiff has failed to plead necessary facts to support her ADTS-related allegations." Defs.' Mem. at 3:20.

Under *Twombly*, Plaintiff's allegations will be deemed sufficient and the Complaint should not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the Complaint must describe the claim in sufficient detail to give Defendants fair notice of what the claim is and the grounds upon which it rests; and (2) the Complaint's allegations must plausibly suggest that Plaintiff has a right to relief, raising the possibility above a level of speculation.  *See Twombly*, 550 U.S. at 544-55.  This is consistent with the requirements of Rule 8(a)(2), which requires a complaint to "provide a 'short and plain statement of the claim showing [they are] entitled to relief.'  This is not an onerous burden.  'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what . . . the

---

[1] Courts nationwide have noted that "In *Erickson v. Pardus*, . . . decided two weeks after *Twombly*, the Court clarified that *Twombly* did not signal a switch to fact-pleading in the federal courts." *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 633, 667-688 (7th Cir. 2007).

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

claim is and the ground upon which it rests." *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1112 (9th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Defendants argue that Plaintiff should allege additional facts in the Complaint to essentially prove her entire case about the use of an ATDS, without the benefit of discovery, including information currently in the sole possession of Defendants.  This is not the proposition that *Twombly* or *Iqbal* stand for.  As such, following Defendants' logic would run afoul of the Federal Rules.  *See Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (citing *Twombly*, 550 U.S. 544).

Here, Plaintiff's Complaint meets the federal pleading requirements because it contains sufficient detail to give Defendants "fair notice" of Plaintiff's claims and the grounds on which those claims rest. Further, it meets the pleading requirements for alleging the use of an ATDS.  Plaintiff's Complaint alleges:

(1) What a text or "SMS" message is and how it is used (¶¶ 10 – 11);

(2) The advertising strategy used by Defendants in 2012, and by other companies, incorporating the use of text or "SMS" messages in an attempt to reach more consumers at a low cost  (¶¶ 13 – 15);

(3) On June 16, 2012, Defendants sent an unsolicited text message to Plaintiff's cellular telephone from the SMS short code 527-365 (¶ 15);

(4) Specifically, Defendants' generic advertising message Plaintiff received stated "jcp: Reply YES now to be first to know about our best prices, special store events & new things happening at jcp.  Dtls http://bit.ly/yALZuq Msg&DataRatesApply."  (¶ 15);

(5) The text message received by Plaintiff was placed to Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS") (¶¶ 16, 35, 40);

(6)  The text messages were sent via ATDS that had the capacity to store or produce and dial numbers randomly or sequentially (¶¶ 16, 35, 40); and

(7)  "By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These text messages were made en masse though the use of a short code and without the prior express consent of the Plaintiff and other members of the Class to receive such text messages." (¶¶ 35, 40).

These allegations are more than sufficient to allege that an ATDS was used, in violation of the TCPA, and to provide Defendants with fair notice.

Further, these allegations plausibly suggest Plaintiff has a right to relief. The Complaint alleges far more than a recitation of the statutory requirements of the TCPA.  Far from it, the Complaint alleges the types of SMS messages sent, their purpose, the general time frame in which they were sent and the lack of initial prior express consent.  ¶¶ 10-22, 35, 40.  Statutory damages are also alleged: As a result of Defendants' transmission of unsolicited SMS or text messages *en masse* via the use of an ATDS, it is alleged that Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every negligent violation by Defendants.  ¶¶ 36-37.  The Complaint also alleges that Plaintiff is entitled to $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendants. ¶¶ 41-42.

Here, Defendants completely ignore the well-established line of cases rejecting similar motions to dismiss, which provides ample authority that Plaintiff has stated a TCPA claim upon which relief can be granted.  In *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12cv599 JLS (KSC), 2012 WL 2129364 (S.D. Cal. June 11, 2012), the Court denied defendants' motion to dismiss plaintiff's TCPA claims, finding that plaintiff's complaint provided sufficient allegations that

8

supported a reasonable inference to allow a cause of action for violation of the TCPA.   The Court rejected defendant's argument that plaintiff should plead additional facts about the ATDS and consent. *Id*. at *4.   The Court acknowledged "[a]lthough [the use of an ATDS] allegation by itself might be insufficient, Plaintiffs supplement it with allegations that support a reasonable inference that [defendant] used an automatic system."  *Id.* at *4 (citing *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMc), 2011 WL 291076 (S.D. Cal. Jan. 26, 2011) ("While it may be difficult for a plaintiffs to know the type of calling system used without the benefit of discovery, the court [may] rel[y] on allegations about the call to infer the use of an automatic system.").)   Here, Plaintiff alleges that Defendants sent impersonal messages from the SMS short code 527-365 and included the text of the unsolicited message received.   ¶¶ 13-15.   Plaintiff also includes additional allegations about SMS messaging generally and as used by Defendants.   ¶¶ 10-13. These facts, coupled with the allegations about Defendants' use of an ADTS in paragraphs 16, 35 and 40, allow this Court to infer the text messages were sent via use of an ATDS.

Allegations similar to those made in *Connelly* have been deemed sufficient to plead use of an ATDS and establish TCPA claims in many other cases.  *See supra,* Section II*; see also Reyes v. Saxon Mortg. Servs., Inc.*, No. 09cv1366 DMS (WMC), 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009) (TCPA complaint properly pleaded where "factual bases for this claim are Plaintiff's allegations that Defendant 'frequently made calls of Plaintiff's cell phone using an automatic telephone dialing system (including an automated failing machine, dialer, and auto-dialer) and an artificial or prerecorded voice'"); *Hurrey-Maver v. Wells Fargo Home Mortg., Inc.*, No. 09cv1470 DMS (NLS), 2009 WL 3647632, at *4 (S.D. Cal. Nov. 5, 2009) (same); *Robinson v. Midland Funding, LLC*, No. 10cv2661 MMA (AJB), 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) (denying motion

9

to dismiss and stating: "Here, although Plaintiff's allegation that Defendant made calls to his cellular telephone via an 'automatic telephone dialing system' . . .using 'an artificial or rerecorded voice' for which he was charged . . . seems vague, neither section 227(b)(1)(A)(iii) nor Federal Rule of Civil Procedure 8 required Plaintiff to plead his claim with particularity."); *Greene v. DirecTV, Inc.*, No. 10 C 117, 2010 WL 1506730, at *2 (N.D. Cal. Apr. 14, 2010) (denying motion to dismiss TCPA claim because "the four corners of [plaintiff]'s complaint assert that [defendant] used an automatic telephone dialing system of an artificial or prerecorded voice to call [plaintiff]'s cell phone when she had not provided prior express consent."); *Bates v. I.C. System, Inc.*, No. 09-CV-103A, 2009 WL 3459740, at *2 (W.D. N.Y. Oct. 19, 2009) (denying motion to dismiss because all allegations are presumed true and plaintiff alleged he did not "consent to the calls").

Thus, in addition to the stand alone ATDS allegation Defendants erroneously claim is not enough by itself to allege use of an ATDS, Plaintiff's Complaint has plead additional facts surrounding the circumstances of receiving the unsolicited SMS text message, including its contents, its *en masse* advertising purpose, the date received and the SMS short code.  Taken as a whole, sufficient facts are pleaded for this Court to properly find that Plaintiff adequately alleged the use of an ATDS.

Further, Plaintiff is not required to prove her case through the allegations in her Complaint.  The Federal Rules of Civil Procedure allow for discovery, such that the federal notice pleading standard does not require Plaintiff to allege all factual details at the pleading stage about the time and context of every text message.  *See Robinson*, 2011 WL 1434919, at *3; *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) ("Rule 8 does not require [plaintiff] to plead his claims with particularity.")  Therefore, as discussed, Plaintiff has met the

10

requirements of Rule 8 under *Twombly* and *Iqbal*, and sufficiently pleaded her claims for violation of the TCPA by Defendant.

## B. Authority on the Detail Required in Pleading the Use of an Automatic Telephone Dialing System Confirms Plaintiff has Sufficiently Alleged its Use Here

The TCPA prohibits persons from making calls using an "automatic telephone dialing system," 47 U.S.C. § 227(b)(1)(A)(iii), which is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at § 227(a)(1). "When evaluating the issue of whether equipment is an [automatic telephone dialing system], the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Satterfield*, 569 F.3d at 951 (quoting 47 U.S.C. § 227(a)(1)). The *Satterfield* court held that the plain language of the TCPA does not require *use* of the system's capacity to actually send the unlawful text messages (held in *Satterfield* to be a "call" under the TCPA) to randomly or sequentially generated numbers. *Id.* at 950. The court held "a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Id.* at 951; *see also Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1011 (N.D. Ill. 2010).

Defendants' entire argument is based upon the premise that the Complaint fails to set forth sufficient allegations about the use of an ATDS. They argue simply that including an allegation that an ATDS was used is insufficient. Certainly Plaintiff has generally alleged that an ATDS was used: "This unsolicited text message placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), is

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to store or produce and dial numbers randomly or sequentially, to place telephone calls and/or SMS or text messages to Plaintiff's cellular telephone." ¶ 16.  However, despite Defendants' arguments to the contrary, Plaintiff has also clearly alleged far more detail about the use of an ATDS and is supported by case authority.  *See* ¶¶ 10-15, 35, 40.

Time and time again, allegations that a defendant used a dedicated SMS short code to transmit generic, impersonal messages "*en masse*" to consumers have been deemed sufficient to allege the use of an ATDS in satisfaction of federal pleading requirements.  *See Kramer*, 759 F. Supp. 2d at 1172; *Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010); *Lozano*, 702 F. Supp. 2d at 1010-11; *see also* 2003 FCC Order, 2003 WL 21517853 at *46 (confirming that the ATDS requirements were to be interpreted broadly to apply to a wide spectrum of evolving technologies, including technology that is used to dial "lists" or "databases" of numbers, since such technology has the basic functional "capacity to dial numbers without human intervention.").   Furthermore, in *Connelly*, the court made it clear that "the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator" citing *Satterfield*, and held that it does not matter if the numbers are generated randomly or sequentially, what matters is that the machine could arguably 'store . . . telephone numbers to be called.'" *Connelly*, 2012 WL 2129364, at *5 (citing *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260, n.8 (S.D. Cal. Mar. 8, 2012) ("*In re Jiffy Lube*")).

There are numerous other cases supporting Plaintiff on the issue.  *Lozano v. Twentieth Century Fox Film Corp.* is instructive.  *See* 702 F. Supp. 2d at 1011. There, on a motion to dismiss, the court found pleading allegations, much less

12

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

detailed than those used by Plaintiff here were sufficient: "Plaintiff specifically alleges that Defendant used 'equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' . . . Viewing these allegations in the light most favorable to Plaintiff, Plaintiff has alleged a violation of § 227."

In *In re Jiffy Lube International, Inc. Text Spam Litigation*, Judge Miller of this Court found allegations that "[plaintiffs] received a text messages from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers" were sufficient, finding the complaint alleged sufficient facts "to raise a right to relief above the speculative level." *In re Jiffy Lube*, 847 F. Supp. 2d at 1260 (citing *Twombly*, 550 U.S. at 544). Judge Miller recognized that "[w]hile additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage." *Id*. Those allegations about the ATDS' use were far less detailed than what Plaintiff has alleged here. Thus, Plaintiff's Complaint is sufficient to move beyond the pleading stage.

In addition, the Court found less detailed allegations about the use of an ATDS sufficient in *Robinson v. Midland Funding, LLC*, No. 10-cv-2661-MMA (AJB), 2011 WL 1434919 (S.D. Cal. Apr. 13, 2011). There the Court denied a motion to dismiss, stating:

> Here, although Plaintiff's allegation that Defendant made calls to his cellular telephone via an 'automatic telephone dialing system' . . .using 'an artificial or rerecorded voice' for which he was charged . . . seems vague, neither section 227(b)(1)(A)(iii) nor Federal Rule of Civil Procedure 8 required Plaintiff to plead his claim with particularity.

*Id*. at *3.

Therefore, Plaintiff here needs only to allege that the equipment Defendants used to dial Plaintiff's numbers and send her SMS or text messages has the capacity to store numbers called, or alternatively generate numbers randomly or

sequentially.  *See* ¶ 16. However, like the plaintiffs in *Kramer*, *Kazemi*, and *Lozano*, Plaintiff has gone far beyond that minimum requirement of alleging the use of an ATDS.  Plaintiff has also alleged the time frame in which the text messages were sent and the exact date of receipt of her text message (¶¶ 13-15), that the type of text message sent was not a personal message for Plaintiff but one that would likely be sent en masse to many persons as part of an advertising campaign (¶¶ 13-14, 35, 40), the exact words contained in the text message (¶ 15), the short code from which the text message was sent, 527-365 (¶ 15), and that this message was part of a marketing campaign used by Defendants to reach a large number of consumers at the same time (¶¶ 13-14, 35, 40).  Certainly nothing more is necessary in pleading the use of an ATDS.

Moreover, each case cited by Defendants is distinguishable from Plaintiff's case.  In *Knutson v. Reply!, Inc.*, the court found *Kramer v. Autobytel, Inc.* instructive stating, "the court in *Kramer* relied on allegations about the call to infer the use of an automatic system."  *Knutson*, 2011 WL 291076, at *2.   In *Knutson*, the plaintiff failed to include additional facts surrounding the circumstances of the calls, and the court found "nothing in the complaint allow[ed] the court to infer the calls were randomly generated or impersonal" and thus dismissed the case for failing to sufficiently allege use of an ATDS.  *Id.* Here, Plaintiff has alleged additional facts about the ATDS, beyond the plaintiff in *Knutson*, which will allow the court to infer use of an ATDS.  *See* ¶¶ 10-16, 35, 40.

Likewise, in *Johansen v. Vivant, Inc.* cited by Defendants, the court noted "[w]ithout enhancing his complaint with anything more than the language already available in the statute, . . . it is not sufficient to recite that fact verbatim without other supporting details."  *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).  The *Johansen* court did, however, opine

14

that it could have found facts sufficient to support use of an ATDS had plaintiff "describe[d] . . . the generic content of the message he received, or anything else about the circumstances of a class or message contributing to his belief it was . . . delivered via an ATDS." *Id.* Plaintiff, here, did exactly that and then some. *See* ¶¶ 10-16, 35, 40.

*Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012), cited by Defendant, is similarly distinguishable. In *Duran*, the plaintiff's complaint negated the allegation that plaintiff was called by an ATDS. There the court ruled that plaintiff failed to allege he was called by an ATDS as required by the TCPA, because his complaint stated *he spoke* with defendant's representative and had received many calls to his cellular phone. *Id.* Due to a lack of ADTS-related allegations in the complaint, the court dismissed the TCPA claim without prejudice. *Id.* Likewise, *Hanley v. Green Tree Servicing, LLC*, No. 12 C 4158, 2013 WL 1189697 (N.D. Ill. Mar. 21, 2013) can be distinguished for the same reasons. In *Hanley*, the only facts plead in the plaintiff's complaint were the "Defendant called Plaintiff's cellular telephone on multiple occasions over the past four years using an automatic telephone dialing system . . . ." *Hanley*, 2013 WL 1189697, at *1. The court noted that the plaintiff there did not plead the number of calls received, or a time frame of when the calls were made, and therefore, could not sustain a cause of action for violation of the TCPA. *Id.* at *5. The Complaint here clearly alleges what was found to be missing in *Duran* and *Hanley*. ¶¶ 10-16, 35, 40 (stating exactly when the text message was received, the content of the message, the SMS code, as well as other allegations about Defendants' mass marketing use of text messaging).

Had Plaintiff's only factual allegation in her Complaint been a mere "parrot" of the words of the statue, Plaintiff's complaint might be lacking in enough facts to support the allegation that Defendants used an ATDS. But this is

15

not the case and Plaintiff's Complaint must been read in its entirety, not parsed out, looking only to a single paragraph of the Complaint.  Plaintiff develops her factual allegations throughout the Complaint, and many of the additional facts provided support the allegation of Defendants' use of an ATDS, so that the Court can find that Plaintiff has stated a claim under the TCPA.   Plaintiff's Complaint accordingly provides more than "bare allegations," as Defendants' claim: it provides specifics regarding the text message received, in addition to allegations about Defendants' use of SMS messaging, which allows this Court to do what the courts in *Duran* and *Hanley* could not; find that Plaintiff has sufficiently alleged Defendants' use of an ATDS.

Ample authority supports that Plaintiff's Complaint provides sufficient allegations about Defendants' use of an ATDS in violation of the TCPA to send mass text messages to Plaintiff and the Proposed Class.  *See e.g., Kramer*, 759 F. Supp. 2d at 1172 (finding that "because the TCPA is designed to combat mass unsolicited commercial telemarketing, at times involving thousands of calls or text messages, notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every message"), *Compare* ¶¶ 10-16, 35, 40.  Defendants, unlike the lesser Miami-based club promoters they cited to in *Buslepp v. Improv Miami, Inc.*, No. 12-601710-CIV, 2012 WL 4932692 (S.D. Fla. Oct. 16, 2012), have a national presence with store locations throughout the United States and online.  *See id.*, at *2 (with only twenty or fifty customers, the court was unable to find the defendant's use of an ADTS at summary judgment). Thus, viewed in the light most favorable to Plaintiff, her allegations plausibly suggest that Defendants used an ATDS.

Further, Plaintiff's allegations make it more than plausible that the text messages at issues were sent using an ATDS, particularly when, as discussed above, the technical facts that support such an allegation are currently within the

exclusive knowledge of the Defendants. "It would be unreasonable to require a plaintiff with a TCPA claim to allege details regarding the system used to send offending communications." *Strickler v. Bijora, Inc.*, No. 11 CV 3468, 2012 WL 5386089, at *2 (N.D. Ill. Oct. 30, 2012); *see also Torres v. Nat'l Enter. Sys., Inc.*, No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012).

Lastly, Defendants seem to argue that *Twombly* and *Iqbal* have somewhat abolished pleadings based upon information and belief. Defs.' Mem. at 3. Defendants are wrong. "*Twombly* does not prevent a plaintiff from pleading facts on information and belief when the information is either 'peculiarly' within a defendant's control or where a belief is based on facts that make an inference of liability plausible." *Mills v. Bristol-Myers Squibb Co.*, No. CV 11-00968-PX-FJM, 2011 WL 4708850, at *2 (D. Ariz. Oct. 7, 2011) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *see also Hutchens v. Alameda Cnty. Soc. Servs. Agency*, No. C-06-06870 SBA, 2008 WL 4193046, *5 (N.D. Cal. Sept 10, 2008).

## VI.   CONCLUSION

Plaintiff's allegations squarely meet the ATDS element of her TCPA claims and have put Defendants on sufficient notice of those claims.   For the aforementioned reasons, Plaintiff respectfully requests the Court deny Defendants' Motion to Dismiss in its entirety.   In the event the Court finds that Plaintiff's claims are insufficiently pleaded, Plaintiff requests that the Court grant her leave to amend.

Dated:      April 29, 2013           /s/ Douglas J. Campion_____

By: Douglas J. Campion

**LAW OFFICES OF DOUGLAS J.
CAMPION, APC**

409 Camino Del Rio South, Suite 303

17

San Diego, CA 92108

*doug@djcampion.com*

Telephone: (619) 299-2091

Facsimile: (619) 858-0034

*/s/ Ronald A. Marron*

By: Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON, APLC**

RONALD A. MARRON

SKYE RESENDES

3636 4th Avenue, Suite 202

San Diego, California 92103

Telephone: (619) 696-9006

Facsimile: (619) 564-6665

***Attorneys for Plaintiff and the Proposed Class***

*Maier v. J. C. Penney Corp., Inc.*, Case No. 3:13-cv-163-IEG-DHB
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT