UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MAIER, on behalf of herself and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware corporation, and J. C. PENNEY COMPANY, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 13cv0163 - IEG (DHB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. No. 14]** |

Presently before the Court is the motion of Defendant J. C. Penney Corporation ("Defendant") to dismiss the Complaint of Plaintiff Tracy Maier ("Plaintiff") for failure to state a claim. [Doc. No. 14, Def.'s Mot.] For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff alleges that on June 16, 2012, she received an unsolicited text message to her wireless phone promoting Defendant's retail business. [Doc. No. 1, Compl. ¶ 14.] Plaintiff specifically asserts that she received the following text message content from Short Message Service ("SMS") short code 527-365:

> jcp: Reply YES now to be first to know about our best prices, special store events & new things

> happening at jcp. Dtls
> http://bit.Iy/yALZuq
> Msg&DataRatesApply

[Id. ¶ 15.] Plaintiff further alleges that this text message was sent by an "automatic telephone dialing system" ("ATDS") with the "capacity to store or produce and dial numbers randomly or sequentially, to place telephone calls and/or SMS or text messages to Plaintiff's cellular telephone." [Id. ¶ 16.]

Finally, Plaintiff asserts that she "did not provide Defendants or their agents prior express consent to receive unsolicited text messages," and that Defendant's text messages "constituted 'calls' under the [Telephone Consumer Protection Act ("TCPA")] that were not for emergency purposes" and "for which Plaintiff incurred a charge." [Id. ¶¶ 17, 18, 19, 21.] Based on these allegations, Plaintiff concludes that "Defendants or their agents violated 47 U.S.C. § 227(b)(1)." [Id. ¶ 22.]

Plaintiff filed the instant action on behalf of herself and others similarly situated on January 21, 2013. [Doc. No. 1, Compl.] The Complaint asserts two causes of action for violations of the TCPA, 47 U.S.C. § 227 *et seq*. The first cause of action is for negligent violation of the TCPA and the second is for knowing and/or willful violation of the same. [Id. ¶¶ 34-38, 39-43.] Defendant subsequently filed the present motion to dismiss Plaintiff's Complaint, arguing failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 14, Def.'s Mot.]

**DISCUSSION**

**I.    Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need not accept "legal conclusions" as true.  Iqbal, 556 U.S. at 678.  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  However, a court "may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute."  Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

Because both the Plaintiff's first and second causes of action rely on the same factual allegations being challenged for sufficiency under Iqbal and Twombly, both causes of action are analyzed together below.

### A. TCPA Violation

The TCPA, in relevant part, provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call[.]"

47 U.S.C. § 227(b)(1). The Ninth Circuit has established that text messages (also referred to as SMS) are encompassed within the term "call" as used in the TCPA and are therefore subject to its restrictions. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009).

47 U.S.C. § 227(a)(1) defines an ATDS as "equipment which has the capacity– (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Based on the clear language of the TCPA, an ATDS "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." Satterfield, 569 F.3d at 951. Due to this distinction, "the issue is not whether [a defendant] *used* an ATDS, but whether its equipment had the requisite *capacity*. Blair v. CBE Group Inc., No. 13-CV-134-MMA(WVG), 2013 WL 2029155, at *4 (S.D. Cal. May 13, 2013) (emphasis in original).

Defendant argues in its motion that Plaintiff's allegations of the use of an ATDS are conclusory and unsupported by sufficient factual allegations to meet the requisite pleading standard established by Twombly and Iqbal. [Doc. No. 14, Def.'s Mot. at 3.] In support of this argument, Defendant refers to the specific allegations in Plaintiff's Complaint containing the statutory language describing an ATDS. [Doc. No. 14-1, Def.'s Memo. In Support at 5.]

While the specific requirements for an allegation of the use of an ATDS to survive a Rule 12(b)(6) motion to dismiss have not been conclusively established by controlling authority, persuasive authority has generally followed one of two

approaches. The first approach has been to allow for minimal allegations regarding use of an ATDS in recognition of the fact that the type of equipment used by the defendant to place the "call" is within the sole possession of the defendant at the pleading stage, and will therefore only come to light once discovery has been undertaken. See, e.g., In re Jiffy Lube Int'l., Inc., Text Spam Litig., 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012); Blair, 2013 WL 2029155, at *4. Under this approach, the allegation of receipt of a text message along with the allegation that this message was sent by a machine with the capacity to store and produce random telephone numbers has been held sufficient to plead a defendant's use of an ATDS. In re Jiffy Lube, 847 F. Supp. 2d at 1260. "While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage." Id.

The second approach has been that a TCPA plaintiff must go beyond simply using statutory language alleging the defendant's use of an ATDS and must include factual allegations about the "call" within the complaint allowing for a reasonable inference that an ATDS was used. See, e.g., Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (providing that an isolated allegation of the use of an ATDS to send text messages is conclusory and therefore does not meet the requisite pleading standard under Iqbal and Twombly); Johansen v. Vivant, Inc., 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (requiring further information about the call or message to support a reasonable inference that it was pre-recorded or delivered by an ATDS). "This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead only facts easily available to them on the basis of personal knowledge and experience." Johansen, 2012 WL 6590551, at *3.

Under this second approach, courts recognize that "[p]laintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely

on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer [ATDS] was utilized. Prior to the initiation of discovery, courts cannot expect more." Gragg v. Orange Cab Co., Inc., No. C12-0576RSL, 2013 WL 195466, at *2 n.3 (W.D. Wash. Jan. 17, 2013). The following are additional examples of indirect factual allegations supporting a reasonable inference of use of an ATDS: (1) generic content of a message, a description of a robotic sounding voice, or a lack of human response, Johansen, 2012 WL 6590551, at *3; (2) impersonal advertising content of a text message received from a particular sender with no reason to contact the plaintiff, Kramer, 759 F. Supp. 2d at 1171; (3) "generic content and automatic generation of the message," Hickey v. Voxernet LLC, 887 F. Supp. 2d 1125, 1130 (W.D. Wash. 2012).

However, where factual allegations made in a plaintiff's complaint "are unsupported by any specific facts and appear less likely than the alternate inference, namely that plaintiff received a customer specific text . . . through human agency, rather than an ATDS" the pleading standard for this element is not met. See Gragg, 2013 WL 195466, at *2 (finding that alleged text message content from a service provider including a unique taxi number and time of dispatch in response to a plaintiff's request for taxi service was not generic or impersonal and therefore did not support a reasonable inference of use of an ATDS).

Defendant argues that the text message in question was sent to Plaintiff after she allegedly "submitted her cell phone number to the Rewards Program website and agreed to be contacted by jcpenney at that number." [Doc. No. 17, Def.'s Reply at 6.] Defendant contends that this prior contact makes use of an ATDS less plausible than an alternative inference of a customer specific text through human agency. Because this argument is based upon a factual allegation outside of Plaintiff's Complaint, such an allegation may not be considered for the purpose of ruling on this Rule 12(b)(6) motion absent a showing that it is based on documents

1  incorporated by reference in the Complaint, or is a matter of judicial notice.
2  Ritchie, 342 F.3d at 908.  As no such showing is made by Defendant, this argument
3  need not be addressed further.
4          Here, Plaintiff's Complaint alleges both that she received a "call" in the
5  form of a text message and that an ATDS, with the functional capacity required by
6  the statute, placed this message, thereby satisfying the first approach as described
7  above.  [Doc. No. 1, Compl. ¶¶ 14, 16.]  Further, Plaintiff supplements her ATDS
8  allegation with a factual allegation of the specific content of the text message and
9  the number from which it was received.  [Id. ¶ 15.]  The alleged text message
10 content does not include unique information, as in Gragg, to preclude a generic or
11 impersonal interpretation of the message.  Because this Court must construe and
12 draw all reasonable inferences from factual allegations in favor of the nonmoving
13 party, Cahill, 80 F.3d at 337-38, the Court finds that the generic and impersonal
14 content of the text message supports the reasonable inference of use of an ATDS.
15 See Johansen, 2012 WL 6590551, at *3.  Accordingly, Plaintiff's ATDS allegation
16 satisfies both of the prevailing approaches discussed above.

## CONCLUSION

18         For the reasons above, this Court finds that the Plaintiff has sufficiently
19 pleaded the use of an ATDS.  Therefore, this Court **DENIES** Defendant's motion to
20 dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).
21         **IT IS SO ORDERED.**
22 **DATED:** June 13, 2013
23                                                          **IRMA E. GONZALEZ**
                                                            **United States District Judge**