LOCKE LORD LLP
Thomas J. Cunningham, Bar No. 263729
*tcunningham@lockelord.com*
Martin W. Jaszczuk (pro hac vice)
*mjaszczuk@lockelord.com*
300 South Grand Avenue
Los Angeles, California  90071
Phone:  213-687-6738

Attorneys for Defendants
J. C. PENNEY CORPORATION, INC.
and J. C. PENNEY COMPANY, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# SAN DIEGO

| | |
|---|---|
| TRACY MAIER, on behalf of herself and all others similarly situated, and the general public,<br><br>                    Plaintiff,<br><br>    vs.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware corporation, and J. C. PENNEY COMPANY, INC., a Delaware corporation,<br><br>                    Defendants. | CASE NO. 13 CV 0163 JLS DHB<br><br>CLASS ACTION<br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(B)(1)**<br><br>Honorable Judge Janis L. Sammartino<br>Magistrate Judge David H. Bartick |

Defendants, J. C. Penney Corporation, Inc. and J. C. Penney Company, Inc. (collectively "jcpenney"), by and through their attorneys, Thomas J. Cunningham and Martin Jaszczuk, submit this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

1. Plaintiff filed her Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("Complaint"), on January 21, 2013. (Dkt. 1).

2. The Complaint alleges both knowing and willful violations of the Telephone Consumer Protection Act, § 227(b)(1)(A)(iii) ("TCPA") by jcpenney due to text messages purportedly sent to Plaintiff by jcpenney using an automatic telephone dialing system ("ATDS"). The Complaint demands a maximum of $1,500 in statutory damages for each and every violation of the TCPA by jcpenney and injunctive relief prohibiting such conduct in the future. *See* Complaint, ¶¶ 44-49.

3. Although the Complaint purports to include allegations on behalf of a class of plaintiffs, Plaintiff has not yet filed a motion for class certification.

4. On August 16, 2013, jcpenney served a Rule 68 Offer of Judgment on Plaintiff. *See* Defendants' Rule 68 Offer of Judgment, attached to this Motion to Dismiss as Exhibit 1 ("jcpenney's Offer of Judgment"). The Offer of Judgment included the maximum statutory damages requested in Plaintiff's Complaint, a stipulated injunction, all costs (if any) as determined by the Court and "any other relief which is determined by the Court to be necessary to fully satisfy all of Plaintiff's individual claims in this action." *See id. See also* Complaint, ¶¶ 44-49. Thus, jcpenney's Offer of Judgment offered Plaintiff the full relief requested in her Complaint, and Plaintiff's individual claims are moot.

5. Plaintiff did not respond to jcpenney's Offer of Judgment by the statutory deadline. *See* Fed. Rule Civ. Proc. 68(a).

6. As a result of jcpenney's full Offer of Judgment to Plaintiff, this Court lacks subject matter jurisdiction over Plaintiff's claims, and this matter should be dismissed.

7. The Ninth Circuit and several other courts have held that where a defendant offers the complete relief requested by the plaintiff in the complaint, the

2

Maier v. J. C. Penney Corporation, Inc., Case No. 13 CV 0163 JLS DHB
DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1)

1  plaintiff's individual claims are moot and the court lacks subject matter jurisdiction
2  over those claims.  *See e.g. Marschall v. Recovery Solution Specialists*, 399 Fed.
3  Appx. 186, 187-188 (9th Cir. 2010); *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895
4  (7th Cir. 2011).

5      8.    Moreover, in class action cases, if the named plaintiff's individual claims
6  are mooted by an offer of judgment, the entire case is moot and should be dismissed
7  for lack of subject matter jurisdiction.  *See Genesis Healthcare Corp. v. Symczyk*, ----
8  U.S.----,133 S.Ct. 1523, 1528 (2013); *Damasco*, 662 F.3d at 897; *Keim v. ADF*
9  *Midatlantic, Inc.*, No. 12-80577-CIV, 2013 WL 3717737, * 6 (S.D. Fla. July 15,
10 2013); *Pla v. Renaissance Equity Holdings LLC*, 12 Civ. 5268, 2013 WL 3185560,
11 *4-5 (S.D.N.Y. June 24, 2013).  Although the Ninth Circuit until recently had held
12 that a rejected offer of judgment for the full amount of a putative class representative's
13 individual claim does not moot a class action complaint where the offer precedes the
14 filing of a motion for class certification, (*see Pitts v. Terrible Herbst, Inc.*, 653 F.3d
15 1081, 1084 (9th Cir. 2011)), the United States Supreme Court's ruling in *Genesis*
16 *Healthcare* casts doubt on whether *Pitts* remains good law.  *See Chen v. Allstate Ins.*
17 *Co.*, No. C 13-0685 PJH, 2013 WL 3973798, *3 (N.D. Cal. July 31, 2013) (certifying
18 denial of motion to dismiss for interlocutory appeal and stating "[t]he court would
19 welcome the Ninth Circuit's view as to whether its *Pitts* decision remains good law in
20 light of *Genesis Healthcare*.").  As discussed in detail in the Memorandum in Support
21 of this Motion, *Genesis Healthcare* rejected much of the rationale upon which the
22 *Pitts* court based its decision and found many of the cases relied upon by the *Pitts*
23 court to be inapposite.  *See Genesis Healthcare*, 133 S.Ct. at 1530-1532.  Therefore,
24 *Pitts* should no longer be considered good law and should not be followed in this case.
25 Instead, this Court should follow *Genesis Healthcare*, *Damasco,* and the many other
26 cases holding that a full offer of judgment to a named plaintiff prior to any motion to
27 certify a class renders the entire action moot.
28

9.   In the case at bar, Plaintiff's individual claims have been mooted because jcpenney's Offer of Judgment offered Plaintiff all of the relief requested in her Complaint.  *See* Exhibit 1 to this Motion.  *See also* Complaint, ¶¶ 44-49.  As such, Plaintiff's individual claims are moot.

10.   Because Plaintiff's individual claims are moot, her entire action is moot and should be dismissed for lack of subject matter jurisdiction.  *See e.g., Genesis Healthcare*, 133 S.Ct. at 1528; *Damasco*, 662 F.3d at 897.  In the alternative, if this Court believes it is constrained by *Pitts* to overrule jcpenney's motion to dismiss for lack of subject matter jurisdiction, jcpenney requests that the Court at least stay Plaintiff's action until the Ninth Circuit rules on *Chen*.

Dated:  September 6, 2013           Respectfully Submitted,

By:   /s/ Martin W. Jaszczuk
Thomas J. Cunningham
*tcunningham@lockelord.com*
Martin W. Jaszczuk
*mjaszczuk@lockelord.com*
Attorneys for Defendants
J. C. PENNEY CORPORATION, INC.
and J. C. PENNEY COMPANY, INC.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## CERTIFICATE OF SERVICE

I, MARTIN W. JASZCZUK, an attorney, hereby certify that on September 6, 2013, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Martin W. Jaszczuk